UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$146,780.00 IN U.S. CURRENCY,<br><br>      Defendant. | Case No. CV 17-000399-TJH(JCx)<br><br>**CONSENT JUDGMENT OF FORFEITURE [JS-6]** |
| MANUELA GOMEZ,<br><br>      Claimant. | |

    Pursuant to the stipulation and request of Plaintiff United States of America and Claimant Manuela Gomez ("Claimant"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

    On January 18, 2017, Plaintiff United States of America ("the United States of America") filed a Complaint for Forfeiture alleging that the defendant $146,780.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Claimant filed a claim to the defendant currency and an answer to the Complaint for Forfeiture on March 27, 2017.  Former claimant Pedro Prieto filed a claim to the defendant currency on February 22, 2017 and an answer to the Complaint for Forfeiture on February 27, 2017.  However, former claimant Pedro Prieto is no longer a party in this case because he withdrew his claim by filing a notice of withdrawal of claim on April 17, 2017 and thereby relinquished and waived any and all right, title and interest he may otherwise have had to the defendant currency.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and Claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2.   The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3.   Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Claimant and former claimant Pedro Prieto whose interest was resolved as a result of the notice of withdrawal of claim he filed in this case.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

/ / /

    4.    The United States of America shall have judgment as to the interests of Claimant and all other potential claimants as to $126,780.00 of the defendant currency, together with any interest earned on the defendant currency by the United States of America since seizure, which funds are hereby condemned and forfeited to the United States of America.  The United States of America shall dispose of those funds in accordance with law.

    5.    The remaining $20,000.00 of the defendant currency, without interest, shall be returned to Claimant.  The funds to be returned to Claimant shall be paid to Claimant by electronic transfer directly into the client trust account of the attorney of record for Claimant in this case.  Claimant (through Claimant's attorney of record) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant's social security and taxpayer identification numbers (if any), and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the client trust account to which the transfer of funds is to be made.

    6.    Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions

for remission, which Claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. The Court further finds that Claimant did not substantially prevail in this action, and each of the parties hereto shall bear their own attorney fees and costs.

9. The United States of America and Claimant consent to this judgment and waive any right of appeal.

Dated: NOVEMBER 4, 2020

_____
THE HONORABLE TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

CC: FISCAL

Presented By:

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Victor A. Rodgers_____
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4